**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHARLES E. DANIEL,                         :

                Plaintiff,          :

             -v-                    :          MEMORANDUM DECISION
                                          AND ORDER
MICHAEL J. ASTRUE, Commissioner of Social   :        11 Civ. 2636 (GBD)(AJP)
Security,
                                     :

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, District Judge:

      Plaintiff Charles E. Daniel brings this action pursuant to 42 U.S.C. § 405(g), challenging

the determination of the Commissioner of Social Security (the "Commissioner") that he is not

entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

benefits based on disability. Defendant moves for judgment on the pleadings pursuant to Fed. R.

Civ. P. 12(c).

      The matter was referred to Magistrate Judge Andrew J. Peck for his Report and

Recommendation ("Report"). In his Report, Magistrate Judge Peck concluded that defendant's

motion should be granted because plaintiff's complaint was conclusory and plaintiff did not

oppose defendant's motion. Magistrate Judge Peck also determined that the Administrative Law

Judge's ("ALJ") conclusion that plaintiff was not entitled to DIB and SSI benefits was supported

by substantial evidence and based upon the correct legal standards. Magistrate Judge Peck thus

recommended that defendant's motion be granted.

      The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party filed objections to the Magistrate Judge's Report. This Court adopts the Magistrate Judge's recommendation that defendant's motion be granted.

Plaintiff filed a Social Security Administration ("SSA") application for disability benefits on the grounds he was disabled due to asthma, symptoms from human immunodeficiency virus ("HIV"), depression, chest pains, and dizziness. The SSA denied his application on January 10, 2007. Plaintiff requested and obtained a hearing before an ALJ. The ALJ issued a decision on April 16, 2009 affirming the SSA's initial denial of benefits to Plaintiff. On July 22, 2010, the Appeals Counsel denied further review and the ALJ's decision became final.

The Commissioner's final decision may be set aside only if it is "based on legal error or not supported by substantial evidence." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996); see also

Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971).

Magistrate Judge Peck's determination is not facially erroneous.  The Magistrate Judge reviewed the record and properly determined that plaintiff is not entitled to disability benefits.  The ALJ's decision was supported by substantial evidence and based upon the correct legal standards.  The ALJ analyzed plaintiff's claim under the five-step sequence to be used in evaluating disability claims.  See Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003).  The ALJ found that, based on all of the medical evidence, and in consideration of plaintiff's physical ability, age, educational level, experience and training, plaintiff was not disabled.  Plaintiff is therefore not entitled to DIB or SSI benefits.

### Conclusion

This Court adopts the Report and Recommendation.  Defendant's motion for judgment on the pleadings is GRANTED.

Dated:   May 18, 2012
        New York, New York

SO ORDERED

_George B. Daniels_
HON. GEORGE B. DANIELS
United States District Court

3